United States Bankruptcy Court
Eastern District of Michigan
Southern Division

In re:
Irvin Lee Ray and
Melody Janelle Ray,                                    Case No. 05-65871-SWR
                Debtors.                          Chapter 13
_____/

Opinion Regarding Motion for Reconsideration

This matter is before the Court following the Court's June 27, 2007 bench decision and the

Court's August 3, 2007 Order Compelling Return of Funds from City of Southfield and Oakland

County Treasurer.  The City of Southfield and the Oakland County Treasurer filed a motion for

reconsideration of the Court's decision and order.  On September 12, 2007, the Court held a hearing

on the motion and allowed the parties time to file a stipulation of facts.  On September 25, 2007, the

parties filed the stipulation of facts and the Court took the matter under advisement.  For the reasons

stated herein, the motion for reconsideration is denied.


I.

On August 15, 2007, when Irvin and Melody Ray filed their chapter 13 bankruptcy petition,

they owned real property on Evergreen Road in Southfield, Michigan.  The Order Confirming Plan

entered on November 16, 2005 provided that relief from the stay was granted to Household Finance

Corporation and the Oakland County Treasurer regarding the Evergreen property.  On December 15,

2005, the treasurer filed a proof of claim for the 2005 taxes owing on the Evergreen property.

On April 5, 2006, the chapter 13 trustee sent a payment on the treasurer's proof of claim to

the City of Southfield, based on the information provided in the proof of claim.  The City of

Southfield endorsed and delivered the check to the treasurer according to their revolving debt agreement and the check posted on May 4, 2006. The treasurer applied the payment to the Rays' tax debt.

On June 12, 2006, the Rays objected to the treasurer's proof of claim on the basis that relief from the stay had been granted and the property was to be foreclosed. The treasurer did not file an objection, and as a result, the Court sustained the objection on July 19, 2006 and the treasurer withdrew the proof of claim on July 26, 2006.

In the foreclosure on August 1, 2006 Household Finance Corporation conveyed the property to Grace Community Services, LLC. On August 17, 2006, Parks Title paid the remainder of the 2005 taxes owed on the property.

On May 4, 2007, the trustee filed a motion to compel return of funds paid to the City of Southfield and the Oakland County Treasurer. The trustee asserted that because the proof of claim was disallowed, the funds previously paid on the proof of claim should be returned.

The Court heard arguments from the parties on June 20, 2007 and June 27, 2007. On June 27, 2007, the Court gave a bench decision granting trustee's motion. On August 3, 2007, the Court entered the Order Compelling Return of Funds from City of Southfield and Oakland County Treasurer.

On August 9, 2007, the treasurer filed the present motion for reconsideration. The Court heard arguments on the motion on September 12, 2007 and allowed the parties to further supplement the record. On September 25, 2007, the parties filed a stipulation of facts.

II.

As this Court has previously stated, the Michigan courts define the doctrine of laches as

2

follows:

> The doctrine of laches is a tool of equity that may remedy "the general inconvenience resulting from delay in the assertion of a legal right which it is practicable to assert." It is applicable in cases in which there is an unexcused or unexplained delay in commencing an action, the corresponding change of material condition that results in prejudice to a party.
>
> *Public Health Dept. v. Rivergate Manor*, 452 Mich. 495, 550 N.W.2d 515 (1996) (*quoting Lenawee Co. v. Nutten*, 234 Mich. 391, 208 N.W. 613 (1926)).

*In re Luna Pier Land Dev., LLC*, 325 B.R. 735, 740 (Bankr. E.D. Mich. 2005).

> "The defense of laches 'requires proof of (1) lack of diligence by the party against whom the defense is asserted, and (2) prejudice to the party asserting the defense.'" *Tully Constr. Co., Inc. v. Cannonsburg Envt'l Assocs., Ltd.* (*Cannonsburg Envtl. Assocs., Ltd.*), 72 F.3d 1260, 1267 (6th Cir.1996) (q*uoting Kansas v. Colorado*, 514 U.S. 673, 687, 115 S. Ct. 1733, 1742, 131 L. Ed.2d 759 (1995) (*quoting Costello v. United States*, 365 U.S. 265, 282, 81 S. Ct. 534, 543, 5 L. Ed.2d 551 (1961))).

*In re Rechis*, 339 B.R. 643, 645 (Bankr. E.D. Mich. 2006).

Because laches is an affirmative defense, the burden of proof is on the defendant. *Organizations United for Ecology v. Bell*, 446 F. Supp. 535 (D.C. Pa. 1978). To benefit from the equitable doctrine of laches, the party asserting the affirmative defense must, itself, have "clean hands." *Luna Pier*, 325 B.R. at 740.

### III.

Upon reconsideration, the Court again concludes that it was proper to grant the trustee's motion, because the record establishes that the treasurer is substantially responsible for the unfortunate consequences in this case. That responsibility arises from this fact: When the treasurer withdrew its proof of claim, it could have and should have returned the payment that it previously

3

received from the trustee. Had the treasurer done that, the consequences that it later suffered would not have resulted. It must be noted here that the objection to the proof of claim was sustained precisely because the pending foreclosure would provide the treasurer with full payment of all outstanding tax debts on the property.

The treasurer also asserts that because the payment was routed through the City of Southfield, it did not know that the payment was from the trustee. The assertion must also be rejected. The record establishes that the City of Southfield endorsed and delivered trustee's check to the treasurer.

There is merit in the observation that if the trustee had brought the motion to return the payment before the foreclosure sale, the treasurer could have returned the funds to the trustee and then received full payment on the tax debt through the foreclosure sale. However, because the treasurer's own inaction was also substantially responsible for the problem, equity offers the treasurer no relief. Accordingly, the motion for reconsideration is denied.

Finally, the Court notes that the parties have repeatedly referred to the payment as having been "mistakenly" made by the trustee. However, at the time the payment was made, there was nothing mistaken about it. At that time, the treasurer had not withdrawn its proof of claim and the trustee was obligated to pay on it.

## IV.

The Court also rejects the treasurer's argument that under F.R.Bankr.P. 7001, the trustee's claim should have been filed as an adversary proceeding. The argument elevates form over substance. Although typically a claim for recovery of money must be brought as an adversary proceeding, in the present case the factual record is fully developed. The parties have submitted exhibits and affidavits, and the treasurer has not identified any outstanding factual disputes or any further necessary

4

discovery. If an adversary proceeding had been filed, this matter would be ripe for summary judgment.

For the Court to require the trustee to file an adversary proceeding would be a waste of judicial resources. "Even if an adversary proceeding would have been the proper place to start, it is not necessarily improper to permit the action to go forward having begun as a contested matter, particularly in circumstances like this one where all parties received adequate notice and participated fully in an evidentiary hearing on all issues." *In re Dides*, __ B.R. __, 2006 WL 4667126 (Bankr. D. Md. 2006) (citing *The CIT Group/Business Credit, Inc. v. Official Comm. of Unsecured Creditors of E-Z Serve Convenience Stores, Inc.* (*In re E-Z Serve Convenience Stores, Inc.*), 318 B.R. 631 (D.M.D.N.C.2004) (holding that even if a party does not waive the right to an adversary proceeding, the lack thereof will be deemed "harmless error" if there is no demonstrable prejudice to a party's right to due process)). The only prejudice that resulted from the trustee's failure to file an adversary proceeding is the prejudice that resulted from the failure to pay the adversary proceeding filing fee.

The Court will enter an appropriate order.

Not for Publication

**Signed on November 16, 2007**

                                        _____
                                        **/s/ Steven Rhodes**
                                        **Steven Rhodes**
                                        **Chief Bankruptcy Judge**